UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MKS INSTRUMENTS, INC., and DOE DEFENDANTS 1-100,<br><br>Defendant. | Case No.: SACV 23-00868-CJC (KESx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 12] |

Plaintiff John Doe filed this putative class action in Orange County Superior Court asserting claims under California's Confidentiality of Medical Information Act ("CMIA"), California Consumer Privacy Act ("CCPA"), Security Notification Law, and Unfair Competition Law relating to a data breach of Defendant MKS Instruments, Inc.'s systems. (Dkt. 1-2 [Complaint, hereinafter "Compl."].)  Defendant removed to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).  Now before the Court is Plaintiff's motion to remand.

"CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *see* 28 U.S.C. § 1332(d)(2) & (5). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court" and . . intended "to be interpreted expansively." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When, as here, "a defendant's assertion of the amount in controversy is challenged[1] . . . , both sides submit proof and the court decides, by a preponderance of the evidence," whether the requirement is satisfied. *Dart*, 574 U.S. at 88.

Defendant submits evidence that there are 1,107 California class members. (Dkt. 19 ¶¶ 3–4; Dkt. 17 [Opposition, hereinafter "Opp."] at 2.) It therefore calculates a $6,572,812.50 amount in controversy as follows:

- CMIA Statutory Damages of $1,107,000 ($1,000 x 1,107) plus
- CMIA Punitive Damages of $3,321,000 ($3,000 x 1,107) plus
- CCPA Statutory Damages of $830,250 ($750 x 1,107), plus
- Attorney Fees of $1,314,562.50 (25% of the total CMIA and CCPA damages of $5,258,250).

In support of his argument that the case should be remanded, Plaintiff asserts that the Court should attribute zero amounts to the CMIA punitive damages, CCPA statutory damages, and attorney fees categories.

---

[1] The parties do not dispute that section 1332(d)'s minimal diversity and class size requirements are met here. (*See* Dkt. 17 at 6.)

Regarding CCPA statutory damages, the Court agrees. Plaintiff asserts, and Defendant does not dispute, that he "cannot prevail at trial on both his CMIA claim and CCPA claim." (Dkt. 20 [Reply] at 15 [explaining that a CCPA claim exempts "medical information"].) Accordingly, it makes sense to include only one of those categories of damages in the amount in controversy calculation. That leaves a possible $5,742,562.50 in controversy.

Regarding CMIA punitive damages and attorney fees, however, the Court disagrees that attributing a zero amount for those categories is appropriate. Plaintiff argues Defendant has not carried its burden to show that all California plaintiffs would recover CMIA punitive damages or that the 25% fee benchmark would be appropriate. (Reply at 9, 13–14.) But to carry its burden on the amount in controversy, Defendant need not prove Plaintiff's case for him. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (noting the impropriety of effectively requiring a defendant "to show the likelihood of the plaintiff prevailing on the punitive damages claim" in order to carry its burden on the amount in controversy). Rather, "the amount in controversy is the amount *at stake* in the underlying litigation," and the "amount at stake" refers to "possible liability," not "likely or probable liability." *Id.* In other words, "the amount in controversy is supposed to be an estimate of the *entire* potential amount at stake in the litigation." *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (emphasis in original). Plaintiff seeks "punitive damages not to exceed three thousand dollars ($3,000)" for violations of the CMIA under California Civil Code Section 56.35, and also seeks attorney fees. (Compl. ¶¶ 52–53; *id.* at 33–34.) Plaintiff's allegations have placed at stake the amounts Defendant contends. And even if in evaluating the amount in controversy the Court decreased the amounts in those categories significantly, the $5 million threshold would still be exceeded.

Accordingly, Plaintiff's motion to remand is **DENIED**.[2]

DATED:   August 21, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 28, 2023, at 1:30 p.m. is hereby vacated and off calendar.